UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO McCRAY,

        Plaintiff,        Case No. 1:13-cv-873

v.        Honorable Paul L. Maloney

ERNST GAUDERER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant LaClair. The Court will serve the complaint against Defendant Gauderer.

**Discussion**

I.      Factual Allegations

Plaintiff Lorenzo McCray is a state prisoner presently incarcerated at the Bellamy Creek Correctional Facility. Plaintiff complains about events that occurred while he was incarcerated at the Carson City Correctional Facility (DRF). He sues DRF Psychiatrist Ernst Gauderer, M.D. and DRF Psychologist Nancy LaClair.

Plaintiff alleges that Defendant Gauderer discontinued his use of Wellbutrin, a psychotropic medication that Plaintiff had been taking for a number of years and that was one among a cocktail of medications that were used to help stabilize Plaintiff's mental health. Plaintiff alleges that Defendant Gauderer knew that if he stopped giving Plaintiff Wellbutrin, it would cause Plaintiff serious harm. Plaintiff further alleges that because Defendant Gauderer stopped giving him Wellbutrin, Plaintiff is now suffering from severe paranoia, depression and bouts of hallucinations mixed with delusional thoughts. Finally, Plaintiff alleges that Defendant Gauderer was deliberately indifferent to Plaintiff's medical needs and stopped giving Plaintiff Wellbutrin because of the cost of the medication and not for any medical reason.

Additionally, Plaintiff alleges that he wrote a grievance against Defendants Gauderer and LaClair regarding the discontinuance of Wellbutrin. Subsequently, Defendant LaClair manipulated Plaintiff to get him to "sign off" or resolve the grievance. Once Plaintiff signed off on the grievance, Defendant LaClair with the assistance of Defendant Guaderer had Plaintiff transferred from DRF to another MDOC facility. Plaintiff alleges that he was transferred in retaliation for having written a grievance against Defendants Gauderer and LaClair. Plaintiff also alleges that Defendants had him transferred so that he would stop complaining about Defendant Gauderer's

decision to take him off of Wellbutrin. Plaintiff seeks $250,000 in damages.

        II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Eighth Amendment Claim

In his first claim for relief, Plaintiff alleges that Defendant Guaderer was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff asserts that Defendant Gauderer stopped giving him Wellbutrin; that Defendant Gauderer knew that the absence of the Wellbutrin would cause Plaintiff serious harm; that Plaintiff is now suffering from severe paranoia, depression and bouts of hallucinations mixed with delusional thoughts; and that Defendant Gauderer was deliberately indifferent to Plaintiff's medical needs, and stopped giving Plaintiff Wellbutrin because of the cost of the medication. Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim and warrant service of the complaint on Defendant Gauderer.

### B.     Retaliation Claim

Plaintiff alleges that Defendants Guaderer and LaClair had him transferred from DRF to another MDOC facility in retaliation for Plaintiff filing a grievance against them and to keep him from complaining about Defendant Gauderer having taken him off of Wellbutrin.

In the context of considering retaliation claims, the Sixth Circuit has stated that there is a First Amendment right to file a institutional grievance. Depending upon whether the retaliation arose from an inmate's constitutionally protected conduct, either a First Amendment or due process standard may apply to a retaliation claim. *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

If the inmate is engaged in constitutionally protected conduct, the First Amendment standard enunciated in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir.1999) (en banc) applies. *Thaddeus-X* requires the prisoner to establish that (1) he was engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct, and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Sixth Circuit, however, has repeatedly held that a prison transfer is generally not sufficiently adverse to give rise to a retaliation claim. *See Siggers–El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct."); *accord Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006); *King v. Zamiara*, 150 F. App'x 485, 493–94 (6th Cir. 2005); *Smith v. Yarrow*, 78 F. App'x. 529, 543 (6th Cir. 2003); *Jewell v. Leroux*, 20 F. App'x 375, 378 (6th Cir. 2001); *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 469–71 (6th Cir. 2001).

In *Siggers–El*, the Sixth Circuit carved out an exception to the foregoing rule for cases in which "foreseeable, negative consequences 'inextricably follow' from the transfer—such as the prisoner's loss of his high-paying job and reduced ability to meet with his lawyer." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Siggers–El*, 412 F.3d at 701–02). Thus, a threat and recommendation to transfer a prisoner to a living environment with more restrictions and

5

fewer privileges (e.g., a "lock-down unit" at another facility), *see Hill*, 630 F.3d at 475, or to an area of the prison used to house mentally ill inmates, *see Thaddeus–X*, 175 F.3d at 398, could be sufficiently adverse to give rise to a retaliation claim.

Assuming without deciding that Plaintiff was engaged in constitutionally protected conduct, his transfer to another MDOC facility was not sufficiently adverse to support a retaliation claim. Plaintiff was transferred from one MDOC facility housing prisoners at levels I, II and IV to another MDOC facility housing the same types of prisoners. Plaintiff does not allege that his confinement level was increased or that he was subjected to more restrictive conditions. Moreover, because Plaintiff's complaint is silent as to what transpired after he was transferred, his retaliation claim does not fall within the "foreseeable, negative consequences" exception created by the Sixth Circuit. Thus, his retaliation claim fails. Consequently, Plaintiff's second claim for relief will be dismissed. As there are no other claims against Defendant LaClair, she will also be dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant LaClair will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) and Plaintiff's second claim for relief for retaliation will be dismissed for failure to state a claim. The Court will serve the complaint against Defendant Gauderer.

An Order consistent with this Opinion will be entered.


Dated:  September 18, 2013             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge