UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| LORENZO McCRAY, #270036, | )<br>) |
| Plaintiff, | ) Case No. 1:13-cv-873<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| ERNST GAUDERER, M.D., | ) **REPORT AND RECOMMENDATION**<br>) |
| Defendant. | )<br>) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff alleges that he suffers from mental illness, including severe paranoia, depression, and bouts of hallucinations with mixed delusional thoughts. On August 14, 2013, he filed this lawsuit against Ernst Gauderer, M.D. Plaintiff complains that in April 2012, the psychiatrist terminated a prescription for Wellbutrin in favor of an alternative medication. He alleges that Wellbutrin was "part of a cocktail of psychiatric medications that helped his mental stability tremendously." (Compl. at 2, ID# 6). He believes that the change in prescription was a cost-cutting measure rather than an exercise of the psychiatrist's professional judgment. (*Id.* at 1-2, ID#s 5-6). He alleges that Dr. Gauderer was deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Eight Amendment's Cruel and Unusual Punishments Clause when he discontinued the Wellbutrin prescription. Plaintiff seeks an award of damages. (*Id.* at 4-5, ID#s 8-9).

The matter is before the Court on defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). (docket # 7). Plaintiff has filed his response. (docket # 12, 13, 16). For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted and that plaintiff's claim against defendant be dismissed without prejudice.

## Applicable Standards

### A.   Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a  "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules:  Defining Genuine Issues of Material Fact*, 99 FRAT 465, 487-88 (1984)).  The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surges v. Addison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B. Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his

administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90–93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir.2011); *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures. In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept.30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II

respondent for grievances regarding health care issues is the Regional Health Administrator or the Administrator's designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. The Grievance and Appeals Section forwards grievances regarding health care issues to the Administrator of the Bureau of Health Care Services (BHCS). The BHCS Administrator is required to ensure that the grievance is investigated and a response provided to the Grievance and Appeals Section in a timely manner. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the

regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. In April 2012, he was an inmate at the Carson City Correctional Facility (DRF). On April 27, 2012, Psychologist Ernst Gauderer, M.D., discontinued plaintiff's Wellbutrin prescription after a nurse informed him that plaintiff had been caught "cheeking"[1] this medication. (Gauderer Aff. ¶ 3, docket # 11-1, ID# 79).

Plaintiff filed a grievance complaining that Psychiatrist Gauderer had discontinued the prescription. (Grievance No. DRF-12-05-1096-12F, docket # 11-1, ID# 81). Plaintiff's grievance was denied at Step I of the MDOC's grievance process. (docket # 11-1, ID# 82). The Step I response noted that, while the inmate-patient was entitled to provide input regarding the treatment of his mental illness, licensed psychiatrists make the medical determination regarding what medications will be prescribed. (*Id.*). Plaintiff signed the Step I response indicating that the grievance was considered resolved. (*Id.* at ID#s 81-82). Plaintiff did not pursue this grievance through a decision at Step III by the MDOC's Grievance and Appeals Section. (Russell Aff. ¶¶ 1-4, docket # 11-2, ID#s 84-85).

---

[1] "Cheeking" is a term used to describe a prisoner's action of concealing and pretending to swallow medication. *See Meador v. Growse*, No. 12-cv-120, 2014 WL 970105 (E.D. Ky. Mar. 14, 2014).

**Discussion**

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against it as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff argues that his grievance against Dr. Gauderer should be considered as if it had been properly exhausted because he experienced a "mental breakdown" on May 24, 2012, and signed the Step I response indicating that he considered his grievance against Dr. Gauderer resolved. Plaintiff claims that Psychologist LaClair promised him that if he resolved the grievance against Dr. Gauderer, the next day he would be sent back to the Macomb Correctional Facility (MRF) where he would receive Wellbutrin. (Plf. Brief at 5, docket # 13, ID # 94). Psychologists do not determine when and where inmates will be transferred or what medications they will or will not receive. Psychiatrists prescribe medication and prison custody staff make the determinations regarding when and where transfers will take place. Plaintiff's assertion that he signed the resolution of his grievance against Dr. Gauderer under false pretenses, during a "mental breakdown," on the basis of an alleged oral promise by an individual who could neither prescribe medication nor determine when or where he would be transferred does not suffice to excuse his failure to pursue his grievance against Dr. Gauderer through a Step III decision. His grievances against Psychologist LaClair did not properly exhaust any claim against Dr. Gauderer. I find that defendant has carried his burden on the affirmative defense and is entitled to dismissal of plaintiff's claim.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgment (docket # 7) be granted and that plaintiff's claim against defendant be dismissed without prejudice.


Dated:  December 15, 2014         /s/  Phillip J. Green
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).